EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD., A CORPORATION, PLAINTIFF-RESPONDENT, v. HERBERT HAIDT, DEFENDANT-APPELLANT.

Argued February 26, 1951—Decided March 12, 1951.

Mr. *A. Warren Littman* argued the cause for the appellant.

Mr. *Joseph N. Braff* argued the cause for the respondent (*Messrs. Braff & Litvak,* attorneys).

The opinion of the court was delivered by

VANDERBILT, C. J. The defendant as a trustee in bankruptcy of a corporation posted his bond with the Maryland Casualty Company as his surety in the amount fixed by the referee in bankruptcy. As trustee in bankruptcy he opened an account with the Central Trust Company of Rochester, New York. Checks were to be paid on the signature of the defendant as trustee, countersigned by the referee in bankruptcy. Between May 24, 1938, and August 7, 1939, the defendant forged the signature of the referee in bankruptcy to eight different checks. As a result of the forgeries the Maryland Casualty Company was required to pay the bankrupt estate the total amount thereof amounting to $4,420.06. Thereupon the Maryland Casualty Company commenced suit in New York against the Central Trust Company, based on its disbursement of the funds of the bankrupt estate on forged signatures, and on April 22, 1948, it at long last obtained judgment in the Court of Appeals of New York for $5,390.69; see *Maryland Casualty Co. v. Central Trust Co.,* *297 N. Y. 294, 79 N. E. 2d 253 (Ct. of App. 1948).* The plaintiff here having insured the Central Trust Company against such losses paid the judgment to the Maryland Casualty Company and thereby became subrogated to the rights of the Central Trust Company against the defendant.

The plaintiff commenced this action on August 18, 1949, and the defendant pleaded the statute of limitations of both New Jersey and New York. At the trial the defendant presented no evidence, both parties moved for judgment, and the trial court granted the motion of the plaintiff but denied that of the defendant. From this judgment for $7,293.65 in favor of the plaintiff the present appeal was taken to the Appellate Division of the Superior Court and we have certified it here on our own motion.

The sole question presented on the appeal is whether or not the statute of limitations constitutes a valid defense in the light of the fact that the last of the forgeries occurred on August 7, 1939, and this action was not commenced until August 18, 1949, more than ten years thereafter. Although

the defendant pleaded both the New York statute of limitations of ten years and the New Jersey statute of six years, *R. S.* 2:24–1, it is conceded that the law of the forum is to be applied. The defendant's position is that the plaintiff's cause of action is derivative only, that by being subrogated to the rights of the Central Trust Company its claims against the defendant can rise no higher than those of the subrogor, and that since its claim against the defendant arose at the time of the forgeries the statute of limitations has long since barred any action against the defendant. He contends that the proceedings in New York with respect to the liability of the defendant's surety have no bearing on the Central Trust Company's cause of action against the defendant, and that its cause of action accrued not when it was required to pay the New York judgment but as of the time that the Trust Company could first have brought suit against the defendant for his forgeries.

██ The plaintiff's position, which was accepted by the trial court, is that in New Jersey the statute of limitations will not run while an action is pending in another state for the recovery of a debt and that the time of limitation starts only from the time of the entry of the foreign judgment. This contention of the plaintiff would be sound, if in fact the proceedings elsewhere have prevented the plaintiff from bringing its action against this defendant. This the plaintiff contends is the case here because of the fact that if the plaintiff had instituted suit against the defendant in New Jersey prior to the termination of the proceedings in New York it would have been in effect a waiver of the defenses which it was asserting in the New York litigation, and that it was not until the determination by the New York courts that these defenses were invalid that the right of action against the defendant arose. These arguments of the plaintiff are not sound. Clearly the Central Trust Company was damaged the moment the defendant unlawfully obtained from it funds on forged countersignatures. At that very moment it could have brought suit against the defendant. The litigation in New York as to whether or not the defendant's surety could recover from

the plaintiff's insurer had no bearing whatsoever on the plaintiff's basic cause of action. The defendant's liability to the Central Trust Company arose in August of 1939. He has not been a party to any litigation and since that time he has done nothing that would operate to toll the running of the statute against him, *Tortorello v. Reinfeld*, 6 *N. J.* 58 (*Sup. Ct.* 1950). Unfortunate though it may be, in view of the defendant's criminal misconduct in 1938 and 1939, the plaintiff and its subrogor have permitted the cause of action to expire while they litigated with others for a decade as to their own liability, with nothing to prevent them from having sued the defendant here in the meantime.

The judgment below is reversed and judgment will be entered in favor of the defendant, but without costs.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, WACHENFELD, BURLING and ACKERSON—5.

*For affirmance*—None.